UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLINE AMBE, individually, and THE ESTATE OF THE DECEDENT NDIFORCHU ALFRED TAMUNANG, by administrator NICOLINE AMBE; SUZY ANJIM NDIFORCHU; BLAFANWI NDIFORCHU; BOBBI AMANG NDIFORCHU; CHO MOFOR NDIFORCHU; SARAH NGWE GEH<br><br>        Plaintiffs,<br><br>  v.<br><br>AIR FRANCE, S.A., a French public limited company; and DOES 1-50.<br><br>        Defendant. | Case No. 2:17-CV-08719 DDP-Ex<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. 44] |

Presently before the court is defendant Air France, S.A. ("Air France")'s Motion to Dismiss Second Amended Complaint. Having reviewed the papers submitted by the parties and heard oral argument, the court GRANTS the motion in part, DENIES the motion in part, and adopts the following Order.[1]

**I.  Background**

---

[1] Plaintiffs' counsel did not appear at oral argument.

1  Ndiforchu Alfred Tamunang ("Decedent") purchased a round-trip ticket on Air France from Los Angeles to Douala, Cameroon by way of Paris. (SAC p ¶¶ 22, 24.) Decedent died en route from Los Angeles to Paris due to accidental asphyxiation. (SAC ¶ 23.)

In the wake of Decedent's death, Decedent's wife, Plaintiff Nicoline Ambe ("Ambe"), attempted to contact Defendant, but her calls and emails went unanswered. (SAC ¶¶ 55, 57.) Id. at 11-12 ¶ 59. The instant suit alleges that Defendant's flight crew members were not properly trained to address medical emergencies and that the airplane was not outfitted with proper emergency medical equipment. (SAC ¶¶ 75, 76.) Plaintiffs allege that Defendant did not take potentially life-saving measures, such as landing the plane, elevating Decedent's legs "to restore blood flow to the brain," or conducting CPR. (Id. ¶ 45.) Plaintiffs further allege that Defendant owed a duty of care to Decedent to take emergency medical action and that the lack of equipment and training indicate a breach of that duty. (Id. ¶¶ 74, 75.)

Plaintiffs' Second Amended Complaint alleges two causes of action under the Montreal Convention[2], as well as state claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant Air France now seeks to dismiss Plaintiffs' state law claims, all claims against all Doe Defendants, and all claims asserted by certain Plaintiffs.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it

---

[2] Convention for the Unification of Certain Rules Relating to International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45.

2

"contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949(2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III. Discussion**

   A.   Montreal Convention Preemption of State Law Claims

3

Defendant Air France argues that Plaintiffs' state law causes of action are preempted by the Convention for the Unification of Certain Rules Relating to International Carriage by Air, known as the Montreal Convention. Article 17 of the Montreal Convention states

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, art. 17. Article 29 states that

> any action for damages, however founded, whether under this Convention or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention...In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Montreal Convention, art. 29. Thus, the Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers" for damages sustained on board an aircraft or while boarding or debarking. Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014). Nevertheless, "[t]he Convention's preemptive effect on local law . . . extends no further than the Convention's own substantive scope." El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 158(1999) (discussing similar language in the Warsaw Convention, the predecessor to Montreal Convention).[3] An airline's complete nonperformance of a contract, for example, falls outside of the Montreal Convention's purview, and may support state law claims. See,

---

[3] Courts regularly apply Warsaw Convention precedent to Montreal Convention cases. See Narayanan, 747 F.3d at 1127 n.2.

4

e.g., Lathigra v. British Airways PLC, 41 F.3d 535, 538 (9th Cir. 1994); Nankin v. Continental Airlines, Inc., No. CV 09-07851 MMM RZX, 2010 WL 342632, at *6 (C.D. Cal. Jan. 29, 2010).

In Lathigra, the defendant airline confirmed the plaintiffs' one-stop flight from the United States to Madagascar several days before the plaintiffs' trip began. Lathigra, 41 F.3d at 536. The airline neglected to mention, however, that service for the second leg of the flight, from Nairobi to Madagascar, had been discontinued. Id. As a result, the plaintiffs were stranded in Nairobi. Id. The plaintiffs brought a negligence claim under state law and the airline sought summary judgment, arguing that the Warsaw Convention and its statute of limitations applied to the plaintiffs' negligence claim. Id. at 536-37. The Ninth Circuit disagreed, observing that the negligent act took place well before the plaintiffs' departure and, thus, outside the scope of the Convention. Id. at 539; see also Serrano v. Am. Airlines, Inc., No. CV08-2256 AHM (FFMX), 2008 WL 2117239, at *1 (C.D. Cal. May 15, 2008) (finding Convention inapplicable to contract, discrimination, defamation, and intentional infliction of emotional distress claims where airline employees refused to allow plaintiffs to fly and told other airline's agent that plaintiffs were liars who should not be allowed to purchase tickets).

Courts regularly, however, dismiss state law claims that fall within the Montreal Convention's scope. "[R]ecovery for a personal injury suffered on board an aircraft or in the

5

course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." Tseng, 525 U.S. at 161 (internal quotation, alteration, and citation omitted). In Benamar v. Air France-KLM, for example, the plaintiff brought common law strict liability, negligence, and other state law claims against an airline after suffering from food poisoning on an international flight. Benamar v. Air France-KLM, No. 2:15-CV-02444-CAS, 2015 WL 2153440, at *1 (C.D. Cal. May 7, 2015). The district court found those claims to lie within the Montreal Convention's substantive scope, and dismissed the state claims accordingly. Id. at *3; see also Seshadri v. British Airways PLC, No. 3:14-CV-00833-BAS, 2014 WL 5606542, at *9 (S.D. Cal. Nov. 4, 2014) (finding intentional infliction of emotional distress claim based upon damage to musical instrument during flight to fall within the scope of the Montreal Convention).

Here, Plaintiffs concede that any claims arising from Decedent's accidental death on board Defendant's aircraft must be brought under the Montreal Convention. (Opposition at 3.) Indeed, Plaintiffs bring their first two causes of action under the Montreal Convention. Plaintiffs contend, however, that their two state law causes of action arise independently of any midair accident involving Decedent, and are based upon from Air France's nonperformance of a contract of carriage and "misconduct." (Opp. at 5.) This argument is not persuasive. Indeed, other courts have rejected similar arguments put forth in similar, albeit far less tragic, circumstances.

In Wysotski v. Air Canada, plaintiffs brought negligence,

negligent infliction of emotional distress, fraud, and other state law claims, as well as a Warsaw Convention claim, after the defendant airline allegedly mishandled and damaged the plaintiffs' pet crate, causing the plaintiffs' cat to escape and disappear. Wysotski v. Air Canada, No. C 02-04952 CRB, 2006 WL 581093, at *1 (N.D. Cal. Mar. 6, 2006). Although there was no dispute that the cat disappeared during air transportation, the plaintiffs argued that their state claims fell outside the Warsaw convention because (1) the airline misrepresented that the cat would be handled with care before the transportation ever began, and (2) the airline refused to allow plaintiffs to adequately search for the cat after its empty crate was discovered. Id. at *3. The court rejected the plaintiffs' arguments, observing that when state law claims are "so closely related to the loss . . . itself as to be, in a sense, indistinguishable from it, those claims are preempted even though they may be ancillary to the event that proximately caused the damage." Id. at *3 (internal quotation marks omitted).

The Wysotski court relied upon the D.C. Circuit's decision in Cruz v. Am. Airlines, Inc., 193 F.3d 526, 531 (D.C. Cir. 1999). There, the airline lost plaintiffs' luggage, then improperly rejected the plaintiffs' claims for redress, contending, inaccurately, that the plaintiffs had failed to follow the airline's rules regarding luggage claim paperwork. Cruz, 193 F.3d at 527. The plaintiffs filed suit, alleging a Warsaw Convention claim and state law claims for fraud and deceit. Id. The plaintiffs argued that their state

7

law claims fell outside the Convention because the fraud claims were based not upon the loss of the luggage, but rather upon the intentional misapplication of rules regarding the paperwork. Id. at 531. The court disagreed, reasoning that the "relationship between the occurrence that the [plaintiffs] claim 'caused' their injuries . . . is so closely related to the loss of the luggage itself as to be, in a sense, indistinguishable from it." Id. The situation would be different, the court explained, if an airline employee had assaulted or slandered the plaintiffs in the course of the claims process. Id. But, the court further observed, if the airline "had simply asserted *no* reason for denying the [plaintiffs'] lost-luggage claim, and just refused to pay, it is clear that the . . . only remedy would be to sue under the Convention . . . . It follows . . . that a bad reason for refusing to pay . . . does not alter the legal situation." Id.

The argument here is essentially the same as that asserted in Cruz and Wysotski. Plaintiffs' breach of contract claim alleges that Air France promised to follow the Montreal Convention (SAC ¶ 88) and breached that promise "by failing to timely compensate plaintiffs for the accidental death of the [Decedent] which occurred on board during the flight."[4] (SAC ¶ 90.) Just as in Wysotski and Cruz, however, Plaintiffs's state law claims are inextricably intertwined with an alleged

---

[4] The SAC also alleges that Air France breached the implied covenant of good faith and fair dealing by refusing to communicate with Plaintiffs or "accept liability for the accidental death of [Decedent]." (SAC ¶¶ 99-100.)

8

on-board accident that undoubtedly falls within the Montreal Convention's scope. As the Wysotski court explained, the "Convention . . . would cease to be an exclusive remedy . . . if plaintiffs who could not assert state-law claims for the act itself were nonetheless permitted to sue under state law for ex ante representations that the act would not occur or ex post failure to redress the harm." Id. Plaintiffs' state law claims here are premised on precisely such factual allegations. Because those claims fall under the Montreal Convention, they are preempted, and must be dismissed.[5]

B. Relation Back

The original Complaint in this matter alleged claims on behalf of two Plaintiffs, Nicoline Ambe and the Decedent's estate, against a single defendant, Defendant Air France. The SAC alleges claims on behalf of several additional Plaintiffs, including Decedent's children and mother, against not only Defendant Air France, but 50 additional unnamed Doe defendants as well. There appears to be no dispute that, although the initial Complaint was timely filed, the Montreal Convention's two-year statue of limitations had expired by the time Plaintiffs filed the SAC. Thus, Defendant argues, the new Plaintiffs' claims, and the claims against new Defendants, are time-barred.

Plaintiffs contend that the new claims are timely because they relate back to the original filing date. (Opp. at 18-

---

[5] Plaintiffs concede that their claims for non-compensatory and punitive damages are dependent upon the state law claims. (Opp. at 14.) Accordingly, those claims are also dismissed with prejudice.

9

19.) An amendment adding a plaintiff relates back "only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." In re Syntex Corp. Sec. Litig., 95 F.3d 922, 935 (9th Cir. 1996). Although the arguments regarding the addition of new plaintiffs are not well developed, Air France contends that it is "patently unreasonable to place to the burden on Air France to figure out that there are additional parties that may have a claim against it." (Reply at 9:25-26.) Although Air France is correct that the original Complaint provided no indication whether Decedent had any other dependents, that lack of information is not dispositive. None of the newly named Plaintiffs alleges a claim in the SAC that was not alleged by the Plaintiffs in the original Complaint. "An amendment equitably may relate back when the prior complaint has given adequate notice of the facts supporting a claim. Relation back imposes no prejudice when an amendment restates a claim with no new facts." Besig v. Dolphin Boating & Swimming Club, 683 F.2d 1271, 1278 (9th Cir. 1982). As the Ninth Circuit recognized, the very difference in a new plaintiff's identity may be a new fact that can prejudice a defendant. Id. Nevertheless, "an amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally. In such a case, despite a lack of notice, the defendant is not prejudiced because his response to the action

10

requires no revision." Id.; see also Ross v. Glendale Police Dep't, No. CV161292PHXDJHDMF, 2017 WL 4856871, at *5 (D. Ariz. Oct. 27, 2017), True Health Chiropractic Inc. v. McKesson Corp., No. 13-CV-02219-JST, 2014 WL 2860318, at *3 (N.D. Cal. June 23, 2014). Here, therefore, the addition of new plaintiffs to claims previously alleged does not warrant dismissal of the new Plaintiffs' claims.

Under Federal Rule of Civil Procedure 15(c), an amendment naming a new defendant must satisfy the following conditions:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Kilkenny v. Arco Marine Inc., 800 F.2d 853, 856 (9th Cir. 1986) (citing Schiavone v. Fortune, 477 U.S. 21, 28, 106 S. Ct. 2379, 2384 (1986); see also Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S., 306 F.3d 842, 857 (9th Cir. 2002). The emphasis regarding notice and knowledge is on "what the party to be added knew or should have known, not on the amending party's knowledge . . . ." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541, 130 S. Ct. 2485, 2490 (2010). Here, however, it is impossible for the court to determine whether the newly named defendants knew or should have known that claims would have been brought against them because the newly named Defendants are all fictitious "Doe" defendants whose acts or omissions are not specified in the SAC. Indeed, some courts have concluded that the naming of a "Doe" is "immaterial to the application of Rule 15(c)"

in the first instance. In re Zicam Cold Remedy Mktg., Sales Practices, & Prod. Liab. Litig., No. 09-MD-02096-PHX-FJM, 2010 WL 2308388, at *2 (D. Ariz. June 9, 2010) (citing Craig v. United States, 413 F.2d 854, 857 (9th Cir. 1969)). Although Air France speculates that the proposed Doe Defendants are Air France employees, the SAC does not allege that any Doe Defendant took, or failed to take, any particular action, aside from alleging that the Doe Defendants "are in a manner responsible for acts, occurrences, and transactions" set forth within the SAC. (SAC ¶ 16.) Even putting aside the question whether the addition of a Doe defendant can ever relate back under Rule 15(c), the SAC's lack of detail regarding the newly-named Doe Defendants will not only complicate later attempts to identify any particular Doe, but also makes it difficult for Plaintiffs to demonstrate at this stage that any Doe Defendant knew or should have known that an action would be brought against him or her. See Krupski, 560 U.S. at 541; see also Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (substitution of named defendant for Doe defendant did not relate back where description of Doe defendants was insufficient to identify anyone). Because Plaintiffs cannot show that their otherwise untimely claims against the newly-named Doe Defendants satisfy Rule 15(c), those claims must be dismissed.

**IV. Conclusion**

For the reasons stated above, defendant Air France's Motion to Dismiss Second Amended Complaint is GRANTED, in part and DENIED, in part. Plaintiffs' state law claims, and accompanying claims for non-compensatory and punitive damages, are dismissed, with prejudice. Plaintiffs' claims against newly-named Doe defendants

are dismissed, with leave to amend.  Should Plaintiffs seek to amend their Montreal Convention claims against Doe defendants, any such amended complaint shall be filed within fourteen days of the date of this Order.[6]

IT IS SO ORDERED.

Dated: December 7, 2018

DEAN D. PREGERSON
United States District Judge

---

[6] Although Defendant's Motion asks that "all of Plaintiff's Second Amended Complaint" be dismissed with prejudice, Defendant has not fairly raised any argument why Plaintiffs' Montreal Convention claims fail under Rule 12(b)(6). Defendant does state that "Plaintiffs have no basis for recovery unless and until they prove an 'accident,'" and assert that, "In plenty of cases with similar facts, plaintiffs could not meet this burden." (Motion at 9:11-14.) That brief assertion, however, is raised in the context of Defendant's argument that the Montreal Convention preempts Plaintiffs' state law claims. (Mot. at 7.)

13